UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARC PIERRE HALL,               :      CIVIL NO. **4:06-CV-02456**
                                :
          Petitioner            :      (Judge McClure)
     v.                         :
                                :      (Magistrate Judge Smyser)
WARDEN WILLIAMSON and           :
U.S. ATTORNEY GENERAL GONZALES, :
                                :
          Respondents           :

## REPORT AND RECOMMENDATION

On December 22, 2006, the petitioner, a federal prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On January 23, 2007, the petitioner filed an application to proceed *in forma pauperis.*

By an Order dated January 24, 2007, the petitioner's application to proceed *in forma pauperis* was granted and the respondents were ordered to show cause on or before February 20, 2007, why the petitioner should not be granted habeas corpus relief.  The respondents were also ordered to respond to a number of motions that had been filed by the petitioner.  The Order of January 24th also provided that the petitioner may file a reply within 10 days of the filing by the respondents of their response to the show cause order.

After requesting and receiving an extension of time, the respondents filed a response to the petition for a writ of habeas corpus on February 28, 2007.  The petitioner has not filed a reply, but he has filed numerous motions.

The petitioner was convicted in the United States District Court for the Western District of North Carolina of one count of conspiracy to possess with intent to distribute cocaine and cocaine base within 1000 feet of a school or playground, in violation of 21 U.S.C. § 846, two counts of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) & (2), and one count of using and carrying a destructive device and damage and destruction of real property in and affecting commerce, in violation of 18 U.S.C. § 844(i). *United States v. Hall,* 1997 WL 712885 at *1 (4th Cir. 1997).  In 1996, the petitioner was sentenced to life imprisonment on the 21 U.S.C. § 846 conviction, a concurrent sentence of 480 months on the 18 U.S.C. § 844(i) conviction, a consecutive ten year sentence on the one 18 U.S.C. § 924(c) conviction and a consecutive life sentence on the other 18 U.S.C. § 924(c) conviction. *Id.*

On November 17, 1997, the petitioner's direct appeal was denied by the United States Court of Appeals for the Fourth

2

Circuit. *Id.*  On June 15, 1998, the United States Supreme Court denied the petitioner's petition for a writ of certiorari. *Hall v. United States*, 524 U.S. 932 (1998).

On February 17, 1999, the petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. *See docket in Hall v. United States, 3:99-CV-00061 (W.D.N.C.)(available on www.ncwd.uscourts.gov).*  That motion was dismissed in October of 2001. *Hall v. United States,* 2001 WL 34563141 (W.D.N.C. Oct. 10, 2001).  The United States Court of Appeals for the Fourth Circuit subsequently denied a certificate of appealability and dismissed the petitioner's appeal of the order denying his § 2255 motion. *United States v. Hall*, 26 Fed.Appx. 357 (4th Cir. 2002).  On October 7, 2002, the United States Supreme Court denied the petitioner's petition for a writ of certiorari. *Hall v. United States*, 537 U.S. 894 (2002).

The petitioner sought authorization to file a successive § 2255 motion.  The Fourth Circuit denied the petitioner authorization to file a successive § 2255 motion without prejudice to the petitioner filing a 28 U.S.C. § 2241 habeas petition. *In re Hall,* No. 02-260 and No. 02-267, slip

order at 1 (4th Cir. Nov. 12, 2002)(copy attached to Doc. 1 as Exhibit D).

The petitioner filed a number of 28 U.S.C. § 2241 habeas petitions challenging his conviction.

First, while incarcerated at the United States Penitentiary at Marion, Illinois, the petitioner filed a § 2241 petition in the United States District Court for the Northern District of Illinois on May 6, 2003. *See Hall v. United States,* Civil No. 03-451-WDS, slip op. At 1 (S.D.Ill. Feb. 20, 2004)(copy attached to Doc. 1 as Exhibit E).  That petition was transferred to the United States District Court for the Southern District of Illinois. *Id.*  The petitioner was subsequently transferred to Connecticut. *Id.*  Concluding that since the petitioner had been transferred to Connecticut it no longer had jurisdiction, the United States District Court for the Southern District of Illinois dismissed the § 2241 petition without prejudice. *Id.*

The petitioner subsequently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Connecticut. *Hall v. Choinski,* 2005 WL 2234504 (D.Conn. Sept. 13, 2005).   The court

4

construed the petition as a 28 U.S.C. § 2255 motion and

transferred the case to the United States District Court for

Western District of North Carolina. *Id.* at *3.  The United

States District Court for Western District of North Carolina

also construed the petition as a § 2255 motion, and, because

the petitioner had already filed a § 2255 motion and had not

been granted leave to file a successive § 2255 motion, the

court dismissed the motion.  *See docket in Hall v. United

States, 3:CV-05-00425 (W.D.N.C.)(available on

www.ncwd.uscourts.gov).*  The Fourth Circuit subsequently

dismissed the petitioner's appeal of that order. *Id.*


        The petitioner, once again incarcerated at USP Marion,

filed another 28 U.S.C. § 2241 habeas petition in the United

States District Court for the Southern District of Illinois.

*Hall v. Bledsoe,* Civil No. 06-257-GPM, 2006 WL 2631985

(S.D.Ill. Sept. 13, 2006).  In this petition, the petitioner

argued that he was "'charged, sentenced and incarcerated on a

nonexistent crime pursuant to title 18 U.S.C. § 844(i) federal

arson statute' and that 'the evidence of the charge was a

miscarriage of justice and per se prejudicial.'" *Id.* at *2.

The court determined that the petitioner's argument that he was

convicted of a nonexistent crime is without merit and can not

provide him with a basis for relief under Section 2241. *Id.* at

*3.  The court dismissed the petition with prejudice. *Id.*  The petitioner's appeal to the Fourth Circuit was dismissed. *See docket in Hall v. Bledsoe, 3:CV-06-00257 (S.D. Ill.)(available on www.ilsd.uscourts.gov).*

The petitioner then filed the instant petition for a writ of habeas corpus in this court.  The petitioner presents three claims in this petition: 1) he was convicted under 18 U.S.C. § 844(i) for conduct which was not illegal based on the Supreme Court's decisions in *Bailey v. United States*, 516 U.S. 137 (1995) and *Jones v. United States,* 529 U.S. 848 (2000); 2) 21 U.S.C. §§  841(a) & (b) were ineffective laws at the time of his trial; and 3) his arrest was without probable cause.

The respondents contend that the petition should be dismissed because the petitioner can not challenge his criminal conviction and sentence by way of a 28 U.S.C. § 2241 habeas petition.

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

> in excess of the maximum authorized by law, or
> is otherwise subject to collateral attack, may
> move the court which imposed the sentence to
> vacate, set aside or correct the sentence.
>
> . . . .
>
> An application for a writ of habeas corpus
> on behalf of a prisoner who is authorized to
> apply for relief by motion pursuant to this
> section, shall not be entertained if it appears
> that the applicant has failed to apply for
> relief, by motion, to the court which sentenced
> him, or that such court has denied him relief,
> unless it also appears that the remedy by
> motion is inadequate or ineffective to test the
> legality of his detention.

The petitioner is challenging his conviction and sentence.[1]  Such a challenge should normally be brought by way of a § 2255 motion in the district court of conviction.

To be able to bring a § 2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of § 2255, i.e. that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention.  The safety-valve language in § 2255 has been strictly construed. *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir. 1971)(unfavorable legal standards prevailing

---

1.  The petitioner states that he is not challenging his conviction or sentence.  Rather, the petitioner contends that he is only challenging his illegal confinement by the Bureau of Prisons.  However, the petitioner's confinement is the result of his conviction and sentence.  Thus, the petitioner is challenging his conviction and sentence.

in circuit where sentencing court located does not render
§ 2255 remedy inadequate or ineffective); *Millan-Diaz v.
Parker*, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the
administration of a § 2255 motion in a particular case do not
make the remedy inadequate or ineffective);  *United States ex
rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)(even
if the sentencing court incorrectly disposes of a proper motion
under § 2255 the proper remedy would be by appeal of that
decision and not a habeas corpus petition).  A motion under
§ 2255 is inadequate or ineffective only where it is
established "'that some limitation of scope or procedure would
prevent a Section 2255 proceeding from affording the prisoner a
full hearing and adjudication of his claim of wrongful
detention.'" *Galante, supra*, 437 F.2d at 1165 (quoting
*Leguillou, supra*, 212 F.2d at 684).

        28 U.S.C. § 2255 establishes a one-year statute of
limitations applicable to § 2255 motions.  Also, before a
second or successive § 2255 motion may be considered by the
district court, it must be certified by a three judge panel of
the court of appeals to contain:

> (1) newly discovered evidence that, if proven and
> viewed in light of the evidence as a whole, would be
> sufficient to establish by clear and convincing
> evidence that no reasonable factfinder would have
> found the movant guilty of the offense; or

8

(2) a new rule of constitutional law, made
retroactive to cases on collateral review by the
Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

"Section 2255 is not inadequate or ineffective merely
because the sentencing court does not grant relief, the one-
year statute of limitations has expired, or the petitioner is
unable to meet the stringent gatekeeping requirements of the
amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d
Cir. 2002). "It is the inefficacy of the remedy, not the
personal inability to utilize it, that is determinative" *Id.* at
538.

In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the
Third Circuit addressed the issue of when a prisoner may bring
a § 2241 habeas petition after being denied leave to file a
successive § 2255 motion.  *Dorsainvil* involved a prisoner who
sought to bring a successive § 2255 motion on the basis of the
United States Supreme Court's decision in *Bailey v. United
States*, 516 U.S. 137 (1995).  In *Bailey* the Court held that a
defendant may not be convicted of using a firearm under 18
U.S.C. § 924(c) unless the government proves that the defendant
"actively employed the firearm during and in relation to the
predicate crime."  After the *Bailey* decision the petitioner in
*Dorsainvil* filed an application to file a successive § 2255

9

motion claiming that on the basis of *Bailey* he was imprisoned
for conduct that the Supreme Court had determined is not
illegal.  The Third Circuit held that a prisoner who was
convicted and filed his first § 2255 motion before the *Bailey*
decision may not file a second § 2255 motion based on *Bailey*
because the second motion does not meet the stringent
requirements created by the Antiterrorism and Effective Death
Penalty Act for filing a second § 2255 motion. *Id*. at 248.  The
Third Circuit went on to indicate that although a prisoner may
not file a second § 2255 motion based on *Bailey* he may file a
28 U.S.C. § 2241 habeas corpus petition. *Id*. at 251.  However,
the Third Circuit cautioned that:

> We do not suggest that § 2255 would be
> "inadequate or ineffective" so as to enable a second
> petitioner to invoke § 2241 merely because that
> petitioner is unable to meet the stringent
> gatekeeping requirements of the amended § 2255.  Such
> a holding would effectively eviscerate Congress's
> intent in amending § 2255.  However, allowing someone
> in Dorsainvil's unusual position - that of a prisoner
> who had no earlier opportunity to challenge his
> conviction for a crime that an intervening change in
> substantive law may negate, even when the government
> concedes that such a change should be applied
> retroactively - is hardly likely to undermine the
> gatekeeping provisions of § 2255.

119 F.3d at 251.

In the instant case, with respect to his second and
third claims, the petitioner is not in a position similar to
the petitioner in *Dorsainvil*.  The petitioner had an

10

unobstructed procedural opportunity to raise those claims in connection with his direct appeal or in his first § 2255 motion.  The fact that the petitioner's § 2255 motion was denied, that the petitioner may now be barred from filing a second § 2255 motion by the one-year statute of limitations or that the petitioner may not be able to meet the stringent gatekeeping requirements in order to file a second § 2255 motion does not render § 2255 inadequate or ineffective to test the legality of the petitioner's detention. *Cradle*, *supra,* 290 F.3d at 539.

The petitioner bases his first claim on *Bailey v. United States*, 516 U.S. 137 (1995) and *Jones v. United States,* 529 U.S. 848 (2000).  To the extent that this claim is based on *Bailey,* the petitioner presented that claim in connection with his direct appeal and in his § 2255 motion.  Accordingly, there is no basis for the petitioner to present that claim in a § 2241 habeas petition.  The question whether the petitioner can present his claim based on *Jones v. United States,* 529 U.S. 848 (2000), in a § 2241 habeas petition is more difficult.

18 U.S.C. § 844(i) makes it a crime to damage or destroy "by means of fire or an explosive, any . . . property used in interstate or foreign commerce or in any activity affecting

interstate or foreign commerce."   In *Jones,* the Supreme Court

held that an owner-occupied residence not used for any

commercial purpose does not qualify as a property "used in"

commerce or commerce-affecting activity and that, therefore,

arson of such a dwelling is not subject to prosecution under

§ 844(i). *Jones, supra,* 529 U.S. at 850-51.


     *Jones* was decided in May of 2000, which was after the

petitioner's conviction and after he filed his first 28 U.S.C.

§ 2255 motion.[2]   Other courts have indicated that in such

circumstances a claim based on *Jones* may be brought by way of a

§ 2241 habeas petition because such a claim can not be brought

as a second § 2255 motion and therefore falls under the safety-

valve language of § 2255.   *See Martin v. Perez,* 319 F.3d 799,

805 (6th Cir. 2003)(holding that petitioner raising *Jones* claim

who filed his first § 2255 motion before *Jones* was decided

--------

2.  Although *Jones* was decided after the petitioner filed his first
§ 2255 motion, the petitioner was granted leave to amend his § 2555
motion on December 7, 2000, which was after *Jones* was decided. *See
docket in Hall v. United States, 3:99-CV-00061 (W.D.N.C.)(available
on www.ncwd.uscourts.gov)*.  The petitioner had filed a number of
motions seeking to amend his motion, at least one of which raised
his *Jones* claim. *Id. at doc. 29.*  It is not clear, however, whether
the petitioner was granted leave to amend to raise his *Jones* claim.
Of course, if the petitioner was permitted to amend his § 2255
motion to raise his *Jones* claim, then there is no basis to conclude
that a § 2255 motion was inadequate or ineffective, and,
accordingly, no basis for the petitioner to be permitted to raise
his *Jones* claim by way of a § 2241 habeas petition.

satisfies the savings clause of § 2255 and remanding the case for a hearing under § 2241).  *See also United States v. Prevatte,* 300 F.3d 792, 802 (7th Cir. 2002)(transferring petition raising *Jones* claim to district where the petitioner was incarcerated for consideration as a petition for a writ of habeas corpus under § 2241).

In the instant case, the petitioner has already presented his claim based on *Jones* by way of a § 2241 habeas petition in the United States District Court for the Southern District of Illinois. *See doc. 1 in Hall v. Bledsoe, 3:CV-06-00257 (S.D. Ill.)(available through PACER on www.ilsd.uscourts.gov).*  The court dismissed that petition with prejudice. *Hall v. Bledsoe,* Civil No. 06-257-GPM, 2006 WL 2631985 (S.D.Ill. Sept. 13, 2006).

28 U.S.C. § 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Given that the United States District Court for the Southern District of Illinois has already dismissed with

13

prejudice a § 2241 habeas petition raising the petitioner's *Jones* claim, pursuant to 28 U.S.C. § 2244(a) this court should not address the petitioner's *Jones* claim.

   We will recommend that the petition for a writ of habeas corpus be dismissed.  Given that recommendation, we will also recommend that the petitioner's numerous pending motions be denied.

   Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed, that the petitioner's motions (docs. 4, 8, 11, 14, 19, 23, 24, 26, 27, 31, 32 & 34) be denied, and that the case file be closed.

                              */s/ J. Andrew Smyser*
                              J. Andrew Smyser
                              Magistrate Judge
Dated:  April 11, 2007.

14