IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC PIERRE HALL, | : |
| | :     Civil Action No. 4:CV-06-2456 |
| Plaintiff, | : |
| | : |
| v. | :     (Judge McClure) |
| | : |
| WARDEN WILLIAMSON and | : |
| U.S. ATTORNEY GENERAL | : |
| GONZALES, | : |
| | :     (Magistrate Judge Smyser) |
| Defendants. | : |

**O R D E R**

May 15, 2007

**BACKGROUND:**

On December 22, 2006, petitioner Marc Pierre Hall, a federal prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner had previously been convicted in the Western District of North Carolina of one count of conspiracy to possess with intent to distribute cocaine and cocaine base within 1000 feet of a school or playground in violation 21 U.S.C. § 846, two counts of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and (2), and one count of damaging or destroying by means of fire or an explosive any building used in or affecting

1

interstate commerce in violation of 18 U.S.C. § 844(I).  In his petition, he asserts that: 1) the Supreme Court's rulings in <u>Bailey v. United States</u>, 516 U.S. 137 (1995) and <u>Jones v. United States</u>, 529 U.S. 848 (2000) render 18 U.S.C. § 844(I) a nonexistent federal crime under the "active employment" criteria; 2) 21 U.S.C. §§ 841(a) and (b) was an ineffective law at the time of trial; and 3) his arrest was without probable cause.  (Rec. Doc. No. 1, at 6-8.)

The matter was initially referred to United States Magistrate Judge J. Andrew Smyser.  On April 11, 2007, the magistrate judge filed a fourteen-page report recommending that the petition be denied.  (Rec. Doc. No. 37.)  On April 23, 2007, petitioner filed objections to the magistrate judge's report and recommendation.  (Rec. Doc. No. 38.)  On May 8, 2007, respondent filed his brief in opposition to plaintiff's objections (Rec. Doc. No. 40).  Thus, the matter is ripe for our review.  Now, for the following reasons, we will adopt the magistrate judge's report and recommendation in full and dismiss the petition.

**DISCUSSION:**

### I. Standard of Review

A district court reviews <u>de novo</u> those portions of a magistrate judge's report and recommendation to which a party objects.  Rule 72.3 of the Local Rules of the

Middle District of Pennsylvania. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## II. Analysis

Because petitioner is a federal prisoner who has brought a challenge to his conviction under 28 U.S.C. § 2241, he must satisfy the safety-valve language in § 2255, which states that a federal prisoner who is challenging his conviction or sentence under § 2241 can only do so if § 2255 is "inadequate or ineffective." We note that § 2255 is "inadequate or ineffective" only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 motion from affording him a full hearing and adjudication of his wrongful detention claim. Cradle v. United States *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002). Furthermore, the simple fact that a § 2255 has already been denied and the petitioner is unable to bring a second or successive § 2255 motion does not render that section "inadequate or ineffective." In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

The magistrate judge concluded that with respect to petitioner's second argument (that 21 U.S.C. §§ 841(a) and (b) was an ineffective law at the time of trial) and his third argument (that his arrest was without probable cause), petitioner

3

had unobstructed procedural opportunity to raise these claims on direct appeal and in his first § 2255.  Therefore, there is no basis to conclude that § 2255 is "inadequate or ineffective" with respect to these claims.  Although not entirely clear, it appears that the petitioner has objected to this portion of the magistrate judge's report.  Specifically, the petitioner argues that he is not challenging his conviction and sentence.  (Rec. Doc. No 38, at 3.)  Rather, he argues that his petition is "a new suit for ones [sic] liberty under the enforcement of the sentence" rather than a challenge to the conviction and sentence itself.  (Id.)  Presumably, the purpose of this argument is that if not challenging his conviction or sentence, but rather the execution of his sentence, he does not have to show that § 2255 is "inadequate or ineffective" in order to be permitted to bring a § 2241 petition.  Still, because we disagree, and conclude that petitioner is clearly challenging his conviction and sentence, we will overrule petitioner's objection.

    As to the petitioner's claim under Bailey, the magistrate judge concluded that petitioner raised this claim on direct appeal and in his first § 2255 motion,and it was rejected both times.  Therefore, there is again no basis to argue that § 2255 is "inadequate or ineffective."  Petitioner has not objected to this portion of the magistrate judge's analysis.  As a preliminary matter, we note that petitioner argues in his petition that Bailey renders 18 U.S.C. 844(I) a nonexistent federal crime

under the "active employment" criteria. In <u>Bailey</u>, the Supreme Court held that 18 U.S.C. § 924(c)(1), which imposes a 5-year minimum term of imprisonment upon a person who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm," requires a showing that the firearm was actively employed or an operative factor in relation to the predicate offense. 516 U.S. at 143. Thus, because <u>Bailey</u> involved § 924(c)(1), and petitioner is relying on <u>Bailey</u> to challenge his conviction under § 844(I), it appears he is mistaken in his reliance on this case. Still, because petitioner was convicted of § 924(c)(1) as well, we will interpret this challenge as one to his conviction under that statute. Furthermore, we note that the Third Circuit held in <u>In re Dorsainvil</u> that a petitioner who was convicted and filed his first § 2255 motion before <u>Bailey</u> was decided may file a § 2241 petition because a § 2255 motion would be "inadequate or ineffective." 119 F.3d at 251. Finally, we note that we agree with the magistrate judge's conclusion that petitioner is not in the same position as the individual in <u>In re Dorsainvil</u>. <u>Bailey</u> was decided prior to petitioner's conviction and petitioner presented his argument based on <u>Bailey</u> on direct appeal and in his first § 2255. Therefore, § 2255 is not "inadequate or ineffective" in this situation and we will deny his claim based on <u>Bailey</u>.

Finally, as to petitioner's argument under <u>Jones</u>, the magistrate judge

5

concluded that petitioner raised this claim in a previous § 2241 brought in the Southern District of Illinois and the claim was dismissed with prejudice. He is therefore barred from presenting this argument in a second petition by § 2244(a). Petitioner has objected to this recommendation. (Rec. Doc. No. 38, at 1.) Specifically, the petitioner argues that his previous § 2241 petition was not decided on the merits under Jones. (Id.)

18 U.S.C. § 844(I) makes it a crime to damage or destroy by means of fire or explosive any property used in or affecting interstate commerce. In Jones, the Supreme Court held an owner-occupied residence not used for any commercial purpose does not qualify as a property used in or affecting interstate commerce and its burning is, therefore, not subject to prosecution under § 844(I). 529 U.S. at 850-51. As a preliminary matter, we note that we agree with the magistrate judge that because Jones was decided after petitioner's direct appeals had been exhausted and after he had filed his first § 2255 motion, § 2255 is "inadequate and ineffective" and that petitioner can raise his Jones claim in a § 2241 petition. See Martin v. Perez, 319 F.3d 799, 805 (6th Cir. 2003) (holding that petitioner can raise Jones claim in a § 2241 because his first § 2255 was filed before Jones was decided and § 2255 is therefore inadequate and ineffective).

After reviewing petitioner's § 2241 that was brought in the Southern District

of Illinois, it appears clear that he did raise his Jones argument in that petition. (Petition for Writ of Habeas Corpus ¶ 9 , Hall v. Bledsoe, Civ. No. 06-257 (S.D.Ill. filed Mar. 29, 2006)). For example, petitioner argued that he was "charged, sentenced and incarcerated [] on a nonexistent crime pursuant to title 18 U.S.C. § 844(I) federal arson statute." (Id.) Furthermore, a footnote associated with this argument discusses Jones in detail. (Id. ¶ 9 n. 2.) Thus, we are convinced that he did raise his Jones claim in a previous § 2241 petition. Still, after reviewing the district court's decision, we agree with the petitioner that the district court dismissed his petition without discussing his Jones claim. (Memorandum and Order of Sept. 13, 2006, Hall v. Bledsoe, Civ. No. 06-257 (S.D.Ill. dismissed Sept. 13, 2006)).

    28 U.S.C. § 2244(a) explicitly precludes a court from considering a petition for a writ of habeas corpus when "the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." We find that although the court dismissed his petition without discussing his Jones claim, this case nevertheless fits into the language of § 2244(a) and bars us from considering his Jones claim. Petitioner presented this argument on a prior application for writ of habeas corpus and the district court denied his petition with prejudice. Regardless of any errors made by the district

court (and we are not stating that an error was made; just simply that the district court's written opinion did not discuss petitioner's Jones argument), petitioner's proper avenue for relief would have been to file a motion for reconsideration with the district court or to appeal to the appropriate court of appeals and then the Supreme Court. Therefore, we find that § 2244(a) bars this court from considering his Jones claim.

     Finally, its worth noting that petitioner was convicted of one count of conspiracy to possess with intent to distribute cocaine and cocaine base within 1000 feet of a school or playground in violation 21 U.S.C. § 846, two counts of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and (2), and one count of damaging or destroying by means of fire or an explosive any building used in interstate commerce in violation of 18 U.S.C. § 844(I). Petitioner was sentenced to life imprisonment on his conviction of 21 U.S.C. § 846, a consecutive ten-year sentence on one of the 18 U.S.C. § 924(c) convictions and a consecutive life sentence on the other 18 U.S.C. § 924(c) conviction, and a concurrent sentence of 480 months on the 18 U.S.C. § 844(I) conviction. Thus, while we would not phrase petitioner's Jones claim as purely academic because it could potentially vacate one of his convictions, our decision is surely tempered by the fact that

petitioner's length of imprisonment would be unchanged by any favorable decision on his Jones claim, which would only affect his 18 U.S.C. § 844(I) conviction and sentence.

Thus, having overruled all of the petitioner's objections and found that we agree with each of the magistrate judge's recommendations, we will adopt the magistrate judge's report and recommendation in its entirety and dismiss the petition.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge J. Andrew Smyser's Report and Recommendation is adopted in full. (Rec. Doc. No. 37.)

2. Petitioner's petition seeking habeas corpus relief under 28 U.S.C. § 2241 is DISMISSED. (Rec. Doc. No. 1.)

3. The clerk is directed to close the case file.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge